**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| AlphaMicron, Inc.<br><br>      Plaintiff,<br><br>v.<br><br><br>Transitions Optical, Inc., EssilorLuxottica, SA, Essilor of America, Inc., Essilor Laboratories of America, Inc., and Luxottica of America Inc.<br><br>      Defendants. | Case No.: 8:19-cv-1068-T-23JSS |

**CASE MANAGEMENT REPORT**

The parties created this report using the Court's form (Dkt. 7). Under item 12, they have added additional deadlines specific to this patent case (e.g. claim construction briefing, infringement and invalidity contentions) which they believe will help the case progress in an orderly and efficient manner, but they will remove those items and submit a revised report if that is the Court's preference.

1.      Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on (date) at (time)

  ( x )   by telephone.
  (__)   at _____(place)_____ .

The meeting was attended by:

| Names | Counsel for (if applicable) |
|---|---|
| Christin Cho and David Luikart | AlphaMicron, Inc. |
| Tia Fenton, Jeffrey McIntrye, and Amber Davis | Transitions Optical, Inc., Essilor of America, Inc., Essilor Laboratories of America, Inc., and Luxxottica of America Inc. |

2. Initial Disclosure:

    a. Rule 26(a)(1), Federal Rules of Civil Procedure, states:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__) have exchanged Rule 26(a)(1)(A) information.

(X) agree to exchange Rule 26(a)(1)(A) information on or before **June 28, 2019**.[2]

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court

      (__)    stipulate not to disclose Rule 26(a)(1)(A) information because _____.
      (__)    are unable to agree to disclosure of Rule 26(a)(1)(A) information because _____.

3.    Discovery Plan (Plaintiff): The parties jointly propose the following discovery plan for the plaintiff:

    a.    Planned Discovery: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

        (1)    Request for Admission: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

            Number of Requests for Admission: In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the plaintiff's requests for admission.

        (2)    Written Interrogatory: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

            Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

        (3)    Request for Production or Inspection: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

        (4)    Oral Deposition: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

            Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

---

order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
| **None at this time.** | | |

b.  Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiff's Rule 26(a)(2) disclosure is due on or before **May 1, 2020, for issues on which Plaintiff has the burden of proof, and June 2, 2020, for issues on which Defendants have the burden of proof.**

c.  Supplementation of Disclosure and Response: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times: **The parties will supplement in accordance with the Federal Rules of Civil Procedure, and no later than September 30, 2020.**

d.  Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before **March 12, 2020,[3] for fact discovery.**

4.  Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:

a.  Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

   (1)  Request for Admission: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

   Number of Requests for Admission: In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the defendant's requests for admission.

   (2)  Written Interrogatory: **The parties will conduct discovery in**

---

[3] The parties agree to a one month extension until March 12, 2020 to complete fact discovery and respectfully request that the Court allow this extension on the basis that this is a patent case, which is complex by nature, and a portion of the normal fact discovery period is dedicated to the claim construction process.

>  accordance with the Federal Rules of Civil Procedure.
>
>  Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

   (3)   Request for Production or Inspection: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

   (4)   Oral Deposition: **The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure.**

>  Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.
>
>  Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.
>
>  The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|

>  **None at this time.**

b.   Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the Defendants' Rule 26(a)(2) disclosure is due on or before **May 1, 2020, for issues for which Defendants have the burden of proof, and June 2, 2020, for issues for which Plaintiff has the burden of proof.**

c.   Supplementation of Disclosure and Response: The parties agree that Defendants will supplement under Rule 26(e) at the following times: **The parties will supplement in accordance with the Federal Rules of Civil Procedure, and no later than September 30, 2020.**

d.    Completion of Discovery: Defendants will begin discovery in time to complete

      the discovery on or before **March 12, 2020, [4] for fact discovery.**

5. Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

    **The parties are working on a Confidentiality Agreement and expect to arrive at a mutually agreeable document that will be filed with the Court.**

6. Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

    **None at this time.**

7. Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by **August 19, 2019** for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before **August 20, 2020**.

8. Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

    The parties agree that settlement is (check one)

    ( )     likely.
    (X)     unlikely.

    Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

    ( )     consent.
    (X)     fail to consent.

    If the parties fail to consent to binding arbitration, future consent is (check one)

    ( )     likely.
    (X)     unlikely.

---

[4] The parties agree to a one month extension until March 12, 2020 to complete fact discovery and respectfully request that the Court allow this extension on the basis that this is a patent case, which is complex by nature, and a portion of the normal fact discovery period is dedicated to the claim construction process.

     If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9. Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (see 28 U.S.C. § 636), the parties (check one)

   ( )    consent.
   (X)    fail to consent.

   If the parties do not consent, future consent is (check one)

   ( )    likely.
   (X)    unlikely.

10. Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after **January 18, 2021**, and for trial, which will occur on or after **February 1, 2021**. This trial is expected to last approximately **5 days** and is a (check one)

    (X)    jury trial
    ( )    bench trial

11. Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12. Other Items:

Electronic discovery:

**The parties are working on a joint ESI Stipulation and expect to arrive at a mutually agreeable stipulation that will be filed with the Court.**

Additional deadlines: The parties agree to the deadlines in the following table:

| Item | Deadline |
| --- | --- |
| Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) | Friday, June 28, 2019 |
| Disclosure of Infringement Contentions | Wednesday, July 17, 2019 |
| Disclosure of Invalidity Contentions | Wednesday, August 07, 2019 |
| Motions to Add Parties or Amend Pleadings | Monday, August 19, 2019 |
| Initial Identification of Disputed Claim Terms | Wednesday, August 21, 2019 |
| Proposed Claim Term Constructions | Friday, August 30, 2019 |

| | |
|---|---|
| Joint Claim Construction Statement[5] | Wednesday, September 11, 2019 |
| Plaintiff's Claim Construction Brief and any Expert Declarations | Wednesday, October 2, 2019 |
| Defendants' Responsive Claim Construction Brief and any Expert Declarations | Wednesday, October 23, 2019 |
| Plaintiff's Reply claim construction brief and any rebuttal expert declaration | Thursday, November 7, 2019 |
| Defendants' Sur-reply claim construction brief and any sur-reply expert declaration | Friday, November 22, 2019 |
| File any joint technology tutorial (either in writing or slides) | Friday, November 22, 2019 |
| Completion of Claim Construction Discovery[6] | Friday, December 6, 2019 |
| Claim construction hearing | Thursday, January 16, 2020 (subject to the Court's availability) |
| Disclosure of intent to rely on advice of counsel as a defense | Wednesday, January 22, 2020 |
| Deadline to Complete Fact Discovery | Thursday, March 12, 2020 |
| Serve 26(a)(2)(B) and (C) Disclosures for Expert Witnesses by the Party with the Burden of Proof | Friday, May 1, 2020 |
| Serve 26(a)(2)(B) and (C) Disclosures for Rebuttal Expert Witnesses | Tuesday, June 2, 2020 |
| Serve Reply Expert Reports | Thursday, June 25, 2020 |
| Deadline to Complete Expert Discovery | Wednesday, July 15, 2020 |
| File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) | Thursday, August 20, 2020 |
| File Responses to Dispositive Motions and Motions to Strike Expert Testimony (including *Daubert* motions) | Wednesday, September 16, 2020 |
| Supplementation of Disclosure and Response under Rule 26(e) | Wednesday September 30, 2020 |
| Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the | Wednesday, October 28, 2020 |

---

[5] The joint claim construction statement shall identify (1) any construction of terms that are agreed, (2) proposed constructions for the disputed terms, including all references from the specification or prosecution history that support that construction, and an identification of extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction (including dictionary definitions, citations to treatises and prior art, and testimony of percipient and expert witnesses), (3) the anticipated length of time for the claim construction hearing, and (4) whether any party anticipates calling witnesses at the hearing.

[6] The parties agree that any expert submitting a declaration in support of a claim construction brief will be offered for deposition at least 4 days before a responsive brief is due or, in the case of an expert declaration submitted in support of Defendants' sur-reply claim-construction brief, at least 4 days before the close of claim construction discovery.

| | |
|---|---|
| Burden of Proof | |
| Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures | Wednesday, November 18, 2020 |
| Serve Objections to Rebuttal Pretrial Disclosures | Friday, December 2, 2020 |
| Parties' Deadline for Filing All Other Motions Including Motions *In Limine* | Friday, December 4, 2020 |
| Parties' Deadline to Meet and Confer in Person to Prepare Joint Final Pretrial Statement | Monday, January 4, 2021 |
| Parties' Deadline for Filing Joint Final Pretrial Statement | Monday, January 11, 2021 |
| Final Pretrial Conference | On or after January 18, 2021 |
| Trial Term Begins | On or after February 1, 2021 |

Date: June 10, 2019

/s/ *Amber N. Davis*  
Amber N. Davis  
Florida Bar No. 0026628  
BEUSSE WOLTER SANKS & MAIRE, PLLC  
390 North Orange Avenue, Suite 2500  
Orlando, FL  32801  
Telephone:  (407) 926-7700  
Facsimile:  (407) 926-7720  
adavis@bwsmiplaw.com  
***Attorney for Defendants,***  
TRANSITIONS OPTICAL, INC., ESSILOR OF AMERICA, INC., ESSILOR LABORATORIES OF AMERICA, INC., AND LUXOTTICA OF AMERICA INC.

AND

Tia D. Fenton  
(Admitted Pro Hac Vice)  
Jeffrey B. McIntyre  
(Admitted Pro Hac Vice)  
Philippe J.C. Signore  
(Admitted Pro Hac Vice)  
Christopher Ricciuti  
(Admitted Pro Hac Vice)  
OBLON, McCLELLAND, MAIER & NEUSTADT, LLP

*/s/ David L. Luikart*  
David L. Luikart III  
Florida Bar No.: 21079  
dave.luikart@hwhlaw.com  
Tori C. Simmons  
Florida Bar. No. 107081  
tori.simmons@hwhlaw.com  
HILL WARD HENDERSON  
101 East Kennedy Boulevard  
Suite 3700  
Tampa, Florida 33602  
Tel:  (813) 221-3900  
Fax: (813) 221-2900  

ATTORNEYS FOR PLAINTIFF ALPHAMICRON, INC.

1940 Duke Street
Alexandria, VA 22314
Telephone : (703) 412-6041
Email: tfenton@oblon.com
Email: jmcintyre@oblon.com
Email: psignore@oblon.com
Email: cricciuti@oblon.com